[Cite as *State v. Alonzo*, 2016-Ohio-160.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO. 13-15-26

      v.

RICARDO ALONZO,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. 02 TRC 4452

Judgment Affirmed

Date of Decision: January 19, 2016

APPEARANCES:

    *Margaret W. Wong* for Appellant

    *Richard H. Palau* for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant Ricardo Alonzo appeals the June 26, 2015 judgment of the Tiffin-Fostoria Municipal Court overruling his motion to withdraw his no contest pleas. Alonzo assigns as error the trial court's finding that he was given the proper advisement pursuant to R.C. 2943.031(A) for a non-citizen upon entering his no contest pleas and the trial court's determination of the matter without conducting an evidentiary hearing.

### *Facts and Procedural History*

{¶2} Alonzo is a citizen of Mexico residing in Fremont, Ohio. On December 2, 2002, Alonzo appeared before the Tiffin Municipal Court and entered no contest pleas to one count of DUI, one count of Unlawful BAC, one count of No Operator's License, and one count of Open Container. The record indicates that a Spanish-speaking interpreter assisted Alonzo with entering his pleas. Upon accepting his pleas and finding him guilty, the trial court sentenced Alonzo to thirty days in jail for the DUI offense, giving him four days credit for time served and suspending the remaining twenty-six days. Alonzo was also placed on one year of probation and ordered to pay court costs.

{¶3} Nearly thirteen years later, on June 26, 2015, Alonzo filed a motion to withdraw his no contest pleas pursuant to R.C. 2943.031 and Crim.R. 32.1. Alonzo asserted the trial court failed to give him the advisement required by R.C.

2943.031(A) regarding the deportation consequences of his no contest pleas. Alonzo also stated that he had been detained by the Department of Homeland Security Immigration and Customs Enforcement ("ICE") and claimed that he was now subject to "imminent removal from the United States." (Doc. No. 6 at 1). In addition, Alonzo argued that his pleas should be vacated pursuant to Crim.R. 32.1 to correct a manifest injustice.

{¶4} The trial court subsequently issued a judgment entry overruling Alonzo's motion to withdraw his no contest pleas. Specifically, the trial court reviewed the record of the prior proceedings and found that it fully complied with Crim.R. 11 when it accepted the plea. The trial court further found the record of the December 2, 2002 proceedings demonstrated that "the admonitions contained in Section 2943.031 [of the Revised Code] were clearly given and recorded on the record, including the admonition that the defendant could be deported due to the plea of guilty or no contest in this proceeding. While the Court is sympathetic to the plight of [Alonzo], it is difficult to see how manifest injustice has resulted in this instance, and a delay of thirteen years in attempting to remedy this matter would appear that the instant motion is nothing more than a means of delaying the defendant's deportation." (Doc. No. 7 at 3-4). Accordingly, the trial court determined that no manifest injustice existed as set forth in Crim.R. 32.1 and that the proper advisement was given in accordance with R.C. 2943.031.

**{¶5}** Alonzo filed a motion to reconsider which was also overruled.

**{¶6}** Alonzo subsequently filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA [SIC] PURSUANT TO R.C. 2943.031 WHERE THE ADVISEMENTS REQUIRED BY R.C. 2943.031 WERE NOT GIVEN.**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA [SIC] PURSUANT TO R.C. 2943.031 WITHOUT AN EVIDENTIARY HEARING.**

*Discussion*

**{¶7}** Alonzo's assignments of error both address the trial court's denial of his motion to withdraw his no contest pleas. Because these assignments of error are intertwined, we shall address them together.

*Standard of Review*

**{¶8}** Criminal Rule 32.1 post-sentence motions to withdraw guilty pleas are subject to a manifest injustice standard. *State v. Oluoch*, 10th Dist. Franklin No. 07AP-45, 2007-Ohio-5560, ¶ 9, citing *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). In general, manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due

-4-

process. *State v. Williams*, 12th Dist. Warren No. CA2012–08–060, 2013-Ohio-1387, ¶ 12. The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court and we will not reverse the trial court's decision absent an abuse of that discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995). "An abuse of discretion is more than an error in judgment;" thus, we will only reverse the trial court if its reasoning was "unreasonable, arbitrary, or unconscionable." *State v. Maney*, 3d Dist. Defiance Nos. 4-12-16, 4-12-17, 2013-Ohio-2261, ¶ 17, citing *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶9} However, the manifest injustice standard does not apply to plea withdrawal motions filed pursuant to R.C. 2943.031(D). *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 26. "R.C. 2943.031(D)'s explicit language mandates that a trial court set aside a judgment of conviction and allow a defendant to withdraw his guilty plea if the defendant satisfies four requirements. Showing manifest injustice is not included as one of the requirements." *State v. Weber*, 125 Ohio App.3d 120, 129 (10th Dist.1997). The four requirements to be demonstrated are: (1) the court failed to provide the defendant with the advisement contained in R.C. 2943.031(A); (2) the advisement was required; (3) the defendant is not a United States citizen; and (4) the offense to which the defendant pled

guilty may result in deportation under the immigration laws of the federal government. *Id*. at 126.

{¶10} The same abuse of discretion standard of review applies to the trial court's decision on a motion filed pursuant to R.C. 2943.031(D). *Francis* at ¶ 32. However, "when a defendant's motion to withdraw is premised on R.C. 2943.031(D), the standards within that rule guide the trial court's exercise of discretion." *Id*. at ¶ 33; *see also Oluoch* at ¶ 25. To clarify, the exercise of discretion "applies to the trial court's decision on whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *), not generally to the trial court's discretion once the statutory provisions have been met." *Francis* at ¶ 34. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)." *Id*. at ¶ 36.

### *The Trial Court's Ruling on the Motion to Withdraw*

{¶11} Alonzo argues that the trial court erred in overruling his motion to vacate his pleas because he never received the advisement required by R.C. 2943.031(A).

{¶12} Section 2943.031(A) of the Revised Code requires a trial court to give the following advisement to defendants entering either a guilty plea or a plea of no contest, unless the defendant indicates that he is a citizen, in accordance with R.C. 2943.031(B):

> **If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.**

{¶13} Section 2943.031(D) of the Revised Code specifies the remedy for a trial court's failure to advise as required under R.C. 2943.031(A). *State v. Yuen*, 10th Dist. No. 01AP-1410, 2002-Ohio-5083, ¶ 18. "Under R.C. 2943.031(D), a defendant who has not received the advisement required by R.C. 2943.031(A) may move to set aside the judgment and withdraw his guilty plea. This motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031(A)." *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004–Ohio–719, ¶ 7.

{¶14} Section 2943.031(D) of the Revised Code reads in relevant part as follows:

> **Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in**

**division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.**

{¶15} Under R.C. 2943.031(E), the absence of a record showing that the court gave the advisement required by R.C. 2943.031(A) creates a presumption that the advisement was not given. *Mayfield Hts. v. Grigoryan*, 8th Dist. Cuyahoga No. 101498, 2015–Ohio–607, ¶ 19.

{¶16} On appeal, Alonzo claims the record reflects that he was not given the advisement under R.C. 2943.031(A) when he entered his no contest pleas. In support of his motion to withdraw, Alonzo attached a handwritten "declaration" which appears to be penned by someone else and indicates that it was read to Alonzo in his native language Spanish prior to him signing it. This "declaration" states that Alonzo is a citizen of Mexico and claims that during his 2002 no contest plea proceeding the trial court was aware he was not a U.S. citizen and failed to explain to him "the consequences of DUI would result in deportation, exclusion to admission to the US and denial of naturalization." (Doc. No. 6, Ex. A). Alonzo's "declaration" further states that in 2004, 2005, and 2010, he "had three criminal offenses" and he did not remember being specifically advised of the adverse consequences to his immigration status in the proceedings in those cases.

(Id.). In addition to the "declaration," Alonzo attached a copy of his Mexican passport to his motion.

{¶17} The record on appeal contains the transcription of two proceedings held on December 2, 2002. The first was held in the morning of December 2, 2002 during which the trial court simultaneously advised multiple defendants of various rights including the advisement under R.C. 2943.031(A). The second proceeding was held in the afternoon of December 2, 2002, where Alonzo entered his no contest pleas with the assistance of a Spanish-speaking interpreter. The transcript reflects that the trial court's advisement included the words of the statute verbatim under R.C. 2943.031(A). However, Alonzo contends that the trial court never provided *him* with the R.C. 2943.031(A) advisement. In support of his claim, Alonzo argues the record fails to establish that he was present during the morning proceeding where the R.C. 2943.031(A) advisement was given because there is no identification of the defendants who were present in the courtroom at the time.

{¶18} Even though Alonzo is not identified in the transcript of the morning proceeding as one of the defendants present, there are other indicia in the record establishing Alonzo's presence at the proceeding. Specifically, the record indicates that Alonzo was placed in jail following the arrest for his DUI related charges at approximately 4:00 a.m. on Friday, November 29, 2002, and that he

continued to be incarcerated until he appeared in court on Monday, December 2, 2002. The trial court's sentence also reflects a credit for four days of time served which is consistent with this timeframe. Moreover, the summons issued by the arresting officer stated that Alonzo's personal appearance was required at the Tiffin Municipal Court at 9:00 a.m. on December 2, 2002. The trial court's R.C. 2943.031(A) advisement was given at the Tiffin Municipal Court sometime between 9:12 a.m. and 9:15 a.m. on December 2, 2002. It should be noted that the only evidence Alonzo relies upon to demonstrate that he was not present at the morning proceeding is his unsupported assertion in his "declaration," nearly thirteen years later, that the trial court never provided him with the advisement. Nevertheless, the issue of whether or not the trial court provided Alonzo with the R.C. 2943.031(A) advisement is not dispositive to the issue of whether or not he has demonstrated he is entitled to withdraw his no contest pleas.

{¶19} Even assuming *arguendo* that the record supports Alonzo's claim that the advisement was not given to him, the withdrawal of the plea is not automatic simply because the court failed to give the R.C. 2943.031(A) advisement. As noted earlier, the Supreme Court of Ohio has held the decision to set aside a judgment of conviction and allow the defendant to withdraw a plea is committed to the sound discretion of the court as to "whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness

and prejudice * * *)." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32-34. In sum, the court is allowed to take into account "many factors" when considering whether to grant a motion to withdraw a plea based on the court's failure to give the R.C. 2943.031(A) advisement. *Parma v. Lemajic*, Cuyahoga No. 102620, 2015-Ohio-3888, ¶ 9, citing *Francis* at ¶ 36. Although the Supreme Court of Ohio did not list what factors in addition to the R.C. 2943.031(D) factors the court could consider, it did state that "untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw." *Francis* at ¶ 42.

{¶20} "The concept of 'timeliness' discussed in *Francis* involves more than just the numerical calculation of the number of years between entering the plea and the motion to withdraw the plea. As *Francis* noted, subsumed within timeliness is the prejudice to the state in terms of stale evidence and unavailability of witnesses." *State v. Lovano*, 8th Dist. Cuyahoga No. 100578, 2014-Ohio-3418, ¶ 13. In the instant case, Alonzo waited nearly thirteen years after entering his pleas in this case, with three intervening "criminal offenses" in 2004, 2005, and 2010, before deciding to withdraw his pleas in the 2002 DUI case. To counter the untimeliness issue, Alonzo claims that he "only recently became aware that his no contest plea could lead him to be detained by ICE and be deported" in June of 2015. (Doc. No. 6 at 6). Thus, Alonzo asserts this demonstrates that he is now prejudiced as a result of entering his no contest pleas in the 2002 case and by not

being properly advised of the potential deportation consequences of his pleas by the trial court.

{¶21} The record reflects that Alonzo did not support his motion to withdraw with documentation affirmatively demonstrating that the 2002 conviction resulting from his no contest pleas has caused him to suffer prejudice. Alonzo has not produced any documentation demonstrating the issuance of a notice of detainment, let alone a notice of deportation proceedings or that a deportation order was issued against him. Nor has he attached an affidavit averring that he will be deported, excluded, or denied citizenship, or that he has received notice that deportation proceedings are pending, or that his 2002 DUI conviction, as opposed to his 2004, 2005, or 2010 criminal cases, is the proximate cause of the purported deportation proceedings. Instead, Alonzo has simply made unsupported assertions in his motion to withdraw claiming he had been detained by ICE and faced the possibility of deportation.[1]

{¶22} Moreover, " 'an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), at paragraph three of the

---

[1] In his appellate brief, Alonzo's attorney claims that Alonzo was deported to Mexico on July 7, 2015. Other than the assertion made by counsel there is no documentation or other evidence to support this claim.

syllabus. Thus, the lengthy delay and the lack of evidence provided in support of his motion casts serious doubt on Alonzo's claim that his plea was not knowingly, intelligently, and voluntarily made, and suggests that the motion to withdraw was sought only in an effort to avoid the alleged immigration consequences of his plea.

**{¶23}** For all these reasons, we conclude that the trial court did not abuse its discretion in overruling Alonzo's motion on the basis that he failed to demonstrate he was entitled to vacate his plea under R.C. 2943.031(A) and Crim.R. 32.1. Accordingly, the first assignment of error is overruled.

### *Failure to Conduct an Evidentiary Hearing*

**{¶24}** Finally, we address the issue of the trial court's failure to hold a hearing. In *Francis*, which addressed an appeal from the trial court's denial of the defendant's motion to withdraw pursuant to R.C. 2943.031, the Supreme Court of Ohio determined:

> **[A]s a general rule, in the absence of specific requirements to the contrary, decisions as to whether to hold a hearing and as to whether to explain reasons for a ruling are matters entrusted to the sound discretion of the trial court. Sometimes, a trial court's explanation of the reasons underlying the decision to deny the motion will illuminate why a hearing was not necessary. Sometimes, the record will reveal the reasons for denial with sufficient clarity to show that it was not error to fail to hold a hearing or to specify the reasons for denial. We simply find that, in this case, the combination of a failure to hold a hearing and a failure to explain the reasoning are so significant that appellate review is impossible and that further proceedings by the trial court are necessary.**

*Id.* at ¶ 56. Here, the trial court clearly explained its reasons for overruling the motion in its judgment entry. Moreover, the lack of evidence in the record to support Alonzo's unsworn assertions makes it readily apparent that no hearing is warranted here, as Alonzo failed to meet his burden and withdrawal of the plea is not required. "Where the defendant fails to 'carry his burden of presenting facts from the record or supplied through affidavit that establish manifest injustice or warrant a hearing,' we are not required to permit withdrawal of the plea or to hold a hearing." *State v. Muhumed*, 10th Dist. Franklin No. 2012-Ohio-6155, ¶ 47 (applying the same standard to cases involving the request to vacate a plea under R.C. 2943.031(A)); quoting *State v. Garcia*, 10th Dist. Franklin No. 08AP–224, 2008-Ohio-6421, ¶ 15. Therefore, we conclude that the trial court did not err when it chose not to conduct a hearing on Alonzo's motion to withdraw his no contest pleas. Accordingly, the second assignment of error is overruled.

{¶25} For all these reasons, the judgment is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**