[Cite as *State v. Nardiello*, 2017-Ohio-8933.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 13-17-21

    v.

SHANE A. NARDIELLO,                O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. CRB 1100132

Judgment Affirmed

Date of Decision:    December 11, 2017


APPEARANCES:

    *David L. Doughten* for Appellant

    *Charles R. Hall, Jr.* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Shane A. Nardiello ("Nardiello") appeals the June 15, 2017 judgment of the Tiffin-Fostoria Municipal Court overruling his motion to withdraw his no contest plea. Nardiello assigns as error the trial court's failure to give him the proper advisement pursuant to R.C. 2943.031(A) for a non-citizen prior to entering his no contest plea.

*Facts and Procedural History*

{¶2} Nardiello is a citizen of the United Kingdom, legally residing in the United States. On February 16, 2011, a complaint was filed alleging that, during a traffic stop, Nardiello was found to be in possession of anabolic steroids, in violation of R.C. 4729.51(C)(3), a misdemeanor of the first degree. The record indicates that Nardiello was stopped for speeding in the Village of Republic in Seneca County, Ohio. After he was issued a citation, Nardiello gave law enforcement written consent to search his vehicle. One glass vial of 9.1 grams of Testosterone Propionate was found in the glove compartment along with $6,000 of cash. Nardiello was issued a copy of the complaint and was summoned to appear before the Tiffin-Fostoria Municipal Court on February 23, 2011.

{¶3} On February 16, 2011, Nardiello's counsel filed a notice of appearance. Nardiello's counsel also entered a written not guilty plea on his behalf and a waiver of his speedy trial rights. Counsel further requested that a pre-trial be scheduled for

the matter. The trial court granted the request and scheduled the first pre-trial in the case for March 23, 2011.

{¶4} On March 23, 2011, Nardiello's counsel appeared for the first pre-trial. The trial court's journal entry indicates that Nardiello was not present at this pre-trial. The case was continued for a second pre-trial in order for discovery to be completed.

{¶5} On July 28, 2011, Nardiello appeared in court for a change of plea hearing, where he entered a plea of no contest to the charge alleged in the complaint. The trial court accepted Nardiello's no contest plea and found him guilty. The trial court sentenced Nardiello to a suspended sentence of 30 days in jail, a $250 fine, one-year probation, and a six-month license suspension.

{¶6} Nearly six years later, on March 20, 2017, Nardiello filed a motion to withdraw his 2011 no contest plea. Nardiello argued that he was entitled to withdraw his no contest plea because the trial court failed to advise him of the possible adverse immigration consequences of his conviction prior to accepting his no contest plea as required by R.C. 2943.031(A). Nardiello attached his own affidavit to the motion claiming that the trial court did not give him the statutory advisement prior to accepting his no contest plea, and further claiming that he had just recently been advised by "immigration attorneys" that his 2011 misdemeanor drug offense would preclude him from obtaining a green card and becoming a

citizen of the United States. Nardiello averred that he would not have entered the no contest plea had he known his conviction would jeopardize him obtaining United States citizenship in the future. Nardiello further explained that he was now married to a United States Citizen.

**{¶7}** After conducting two hearings, the trial court summarily overruled Nardiello's motion to withdraw his no contest plea in a general "check box" journal entry. Specifically, in the section reading "In addition, the Court orders" the trial court simply wrote "Motion to withdraw plea denied." (Doc. No. 20). However, we note that a review of the transcript from the second hearing held on Nardiello's motion reveals that the trial court concluded that the motion should be overruled based upon the untimeliness of its filing and Nardiello's failure to establish that he had suffered any prejudice—i.e., any actual adverse immigration consequences— as a result of his 2011 misdemeanor conviction. (*See* Doc. No. 28 at 10).

**{¶8}** Nardiello filed this appeal asserting the following assignment of error.

**THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING THE APPELLANT'S MOTION TO WITHDRAW FROM AN INVALID PLEA.**

*Relevant Law: R.C. 2943.031[1]*

**{¶9}** Section 2943.031(A) of the Revised Code requires a trial court to give the following advisement to defendants entering either a guilty plea or a plea of no contest, unless the defendant indicates that he is a citizen, in accordance with R.C. 2943.031(B):

> **(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:**
>
> > **"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."**

**{¶10}** Section 2943.031(D) of the Revised Code specifies the remedy for a trial court's failure to advise as required under R.C. 2943.031(A). *State v. Yuen*, 10th Dist. Franklin No. 01AP-1410, 2002-Ohio-5083, ¶ 18. "Under R.C. 2943.031(D), a defendant who has not received the advisement required by R.C.

---

[1] Nardiello also attempts to argue on appeal that his no contest plea did not comply with Crim.R. 11 and therefore he should be permitted to withdraw his plea pursuant to Crim.R. 32.1, which is an independent basis from R.C. 2943.031. However, the record reveals that the motion filed by Nardiello with the trial court to withdrawal his plea was premised solely upon R.C. 2943.031 and made no arguments pertaining to Crim.R. 32.1. Accordingly, we will only review the arguments Nardiello made before the trial court with respect to the motion to withdraw his plea under R.C. 2943.031.

2943.031(A) may move to set aside the judgment and withdraw his guilty plea. This motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031(A)." *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719 ¶ 7.

**{¶11}** Section 2943.031(D) of the Revised Code reads in relevant part as follows:

> **Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.**

**{¶12}** Under R.C. 2943.031(E), the absence of a record showing that the court gave the advisement required by R.C. 2943.031(A) creates a presumption that the advisement was not given. *State v. Alonzo*, 3d Dist. No. 13-15-26, 2016-Ohio-160, ¶ 15 citing *Mayfield Hts. v. Grigoryan*, 8th Dist. Cuyahoga No. 101498, 2015-Ohio-607, ¶ 19.

**{¶13}** The record establishes that on May 22, 2017, the trial court held a hearing on Nardiello's motion to withdraw his no contest plea. Nardiello's counsel argued that the June 28, 2011 change of plea transcript did not evince that the non-

citizen advisement in R.C. 2943.031(A) was given to Nardiello before he entered his no contest plea.

{¶14} The trial court informed Nardiello's counsel that the R.C. 2943.031(A) non-citizen advisement is "typically done at the arraignment." (Doc. No. 27 at 3). The trial court further explained that "[i]t is generally not done at a change of plea, whether they're a citizen or not a citizen, in particular, Mr. Nardiello, when you have an attorney." (Id. at 4).

{¶15} Nardiello's counsel inquired further into the trial court's explanation, which appeared to make a distinction regarding the trial court's obligation to give the statutorily mandated advisement based upon whether the defendant was represented by counsel. The trial court reiterated, "It's done at the arraignment for everyone, whether you're a citizen or not. Everybody gets the advisement at the arraignment. And I'm quite certain that your client did, because I do it multiple times every day." (Id.).

{¶16} Nardiello's counsel requested a continuance so that he could listen to the audiotape from the date Nardiello's arraignment was scheduled to take place according the citation and summons issued to him.

{¶17} On June 14, 2017, Nardiello filed a supplement to his motion to withdraw his plea. Nardiello's counsel asserted that the trial court's docket lacked any indicia that Nardiello was even present at the arraignment, let alone that he had

received the non-citizen advisement at the February 23, 2011 arraignment. Counsel further noted that the record contained a February 16, 2011 notice from Nardiello's previous counsel indicating that a week prior to the scheduled arraignment counsel had filed a written not guilty plea on his behalf, waived his speedy trial rights, and requested a pre-trial date. Counsel also requested in the February 16, 2011 notice to "please contact me with the hearing date so that I may notify my client." (Doc. No. 2).

{¶18} Because the record does not establish that Nardiello was present at the February 23, 2011 arraignment, and there is no other indication in the record that the trial court gave him the non-citizen advisement, we must presume under R.C. 2943.031(E) that the advisement was not given. In these circumstances, the statute is clear that the remedy to be provided is a mandatory withdrawal of the plea, which in this instance, would require reversal of the trial court's judgment and remand of the case to the trial court for that purpose.

{¶19} We note that we have previously expressed reservations with this particular trial court's practice of giving the R.C. 2943.031(A) non-citizen advisement at arraignment only and not at the change of plea hearing. *See State v. Aryee*, 3d Dist. Seneca No. 13-16-18, 2016-Ohio-8405, ¶ 18 (noting that "the better practice, and in our view the practice clearly contemplated under the statute, would be to personally address the defendant at the time of the change of plea hearing").

The language of the statute is explicit and unambiguous: "the court shall *address the defendant personally*, provide the following advisement to the defendant that *shall be entered in the record of the court*, and *determine that the defendant understands the advisement*." R.C. 2943.031(A)(emphasis added). As such, this case presents a prime example of the peril created by the trial court's practice to exclusively give the R.C. 2943.031(A) non-citizen advisement at the arraignment, and more specifically, the peril of doing so only in a group format to those assembled in the courtroom prior to their individual arraignments.

{¶20} Moreover, we do not endorse the trial court's attempt to mitigate its failure to give the statutorily mandated advisement by placing the onus on defense counsel to inform Nardiello of the potential immigration consequences prior to entering his change of plea. We recognize that there is a corresponding duty of defense counsel to inform his or her non-citizen client of certain adverse immigration consequences. *See Kentucky v. Padilla*, 559 U.S. 356, 364-74, 130 S.Ct. 1473 (2010) (wherein the United States Supreme Court held that the Sixth Amendment imposes upon counsel, in negotiating a guilty or no-contest plea, the duty to accurately advise a non-citizen client concerning the removal consequence of his conviction). However, counsel's duty is independent and does not relieve the trial court of its statutory duty to give the advisement under R.C. 2943.031(A).

**{¶21}** Notwithstanding all of this, we also acknowledge that the case law analyzing R.C. 2943.031 has held that the trial court retains some discretion in considering whether to grant a motion to withdraw a plea, despite the statutory language of R.C. 2943.031(D) stating that a court "*shall set aside the judgment and permit the defendant to withdraw a plea.*"  The court's discretion is generally premised upon the consideration of additional factors such as timeliness of the motion and prejudice to the State due to the defendant's unreasonable delay in filing the motion which are dictated by the particular facts of the case.  *See State v. Francis*, 104 Ohio St. 3d 490, 2004-Ohio-6894, ¶ 40-42.

**{¶22}** More importantly, however, R.C. 2943.031(D) also requires that the defendant must show that the no contest plea and resulting conviction "may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States" in order to invoke the statutory right to mandatory withdrawal of the plea by the trial court set forth in the statute.  Here, Nardiello stated in a self-serving affidavit accompanying the motion to withdraw under R.C. 2943.031(D) that, "Recently I have been advised by immigration attorneys that my plea to the misdemeanor drug offense would preclude me from obtaining a green card, becoming a citizen or even staying in this country."  (Doc. No. 14 at ¶ 5).  However, nothing more was submitted in support of the motion to withdrawal his plea.

{¶23} It is our determination that this single statement in his own affidavit is not a sufficient showing to invoke the mandatory remedy of withdrawal of his plea under R.C. 2943.031(D), especially in light of the nearly six-year delay in filing the motion. We further note the record at the change of plea hearing clearly indicates that Nardiello had some apprisal of the "citizenship implications" prior to entering his no contest plea. Specifically, the transcript of the change of plea hearing reveals the following:

> **Trial Court: [Defense Counsel], upon further recommendation of the prosecutor, have you had an opportunity to speak with your client about this proposed change of plea?**
>
> **Defense Counsel: Yes, I have, Your Honor, and --- I'm sorry. Yes, I have.**
>
> **Trial Court: *And do you believe he understands the implications of a change of plea here today?***
>
> **Defense Counsel: *He does, Your Honor. He's not a U.S. Citizen, and that was one of the reasons that we had the delay in change of plea.***
>
> **Trial Court: Mr. Nardiello, do you need more time to speak with [Defense Counsel] about this?**
>
> **Nardiello: No, Your Honor.**
>
> **Trial Court: Is this what you want to do?**
>
> **Nardiello: Yes, Your Honor.**
>
> **Trial Court: Do you understand I'm not bound by that recommendation? I can impose a greater or lesser penalty, as I deem appropriate.**

**Nardiello: Yes, Your Honor.**

**Trial Court: And are you satisfied with the plea?**

**Nardiello: Yes, Your Honor.**

**Trial Court: Are you satisfied with [Defense Counsel's] representation?**

**Nardiello: Yes, Your Honor.**

**Trial Court: And, [Defense Counsel], how does your client propose to plea?**

**Defense Counsel: He would enter a plea of no contest with a stipulation of the finding of guilt at this time.**

**Trial Court: And you understand, Mr. Nardiello, by entering a plea of no contest, you're admitting to the truth of the facts as alleged on the face of the complaint.**

**Nardiello: Yes, Your Honor.**

**Trial Court: And you understand what the maximum possible penalties are.**

**Nardiello: Yes, Your Honor.**

**Trial Court: At this time, I'll accept your plea of no contest. [Defense Counsel], anything you want to say about the facts about what happened?**

**Defense Counsel: Your Honor, Mr. Nardiello, he accepts full responsibility for the contents in his car. He graduated from Heidelberg College. He's no longer here. He's a resident of Cuyahoga County.** *Again, he has---he's here on a visa, so he just obtained employment. He's got citizenship implications.*

\* \* \*

**Trial Court: Based upon my review of the case and this citation, the officer's report, and your plea of no contest, there will be a finding of guilt. Mr. Nardiello, is there anything you'd like to say? Anything you think the Court should take into consideration with regard to the penalty?**

**Defense Counsel: Your Honor, I have had an opportunity to speak at length with the prosecutor and I would appreciate if the Court would accept the prosecutor's recommendation. *Again, Mr. Nardiello is not a U.S. citizen, so these court implications are additional to whatever implications he has with the United States of America.* He understands he committed a crime, committed a wrong, and wishes the Court's indulgence, again, to give him some leniency.**

(July 28, 2011 Trans. at 3-7).

**{¶24}** Albeit coming from defense counsel and not the trial court, the transcript excerpts above nevertheless indicate that, prior to the change of plea, defense counsel and Nardiello were clearly aware and likely had discussed the possibility that entering a no contest plea could affect his immigration status—and that the "citizenship implications" were compelling enough to delay the plea proceedings. (July 28, 2011 Trans. at 3-7). This is not to say that, defense counsel's discussions with Nardiello or comments on the record, relieved the trial court of its duty under R.C. 2943.031(A) to give the non-citizen advisement. However, we find Nardiello's apprisal of immigration consequences at the time of his plea to be significant when reviewing the credibility of his self-serving affidavit accompanying the motion to withdraw, and in particular Nardiello's representation

-13-

that he would not have entered the plea had he been aware of the admonitions contained in the R.C. 2943.031(A) advisement.

{¶25} In sum, Nardiello's lack of sufficient evidence of pending or imminent immigration consequences to invoke the mandatory remedy of withdrawal of the plea under R.C. 2943.031(D), the clear indication of his apprisal of some possible immigration consequences at the plea hearing, and the unreasonable delay of six years before filing the motion to withdraw all constitute factors which support the exercise of the trial court's discretion in deciding Nardiello's motion. And, in these circumstances, we cannot find an abuse of that discretion in the trial court's decision to deny the motion. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**