[Cite as *State v. Leon*, 2019-Ohio-1178.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                    Court of Appeals No. H-18-018

    Appellee                                  Trial Court No. CRI 93 0620

v.

Josefino Alvaro Leon                          **DECISION AND JUDGMENT**

    Appellant                                 Decided:  March 29, 2019

* * * * *

James James Sitterly, Huron County Prosecuting Attorney, for appellee.

Richard H. Drucker, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a judgment of the Huron County Court of

Common Pleas which denied appellant's motion to vacate his 1994 guilty pleas.  For the

reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant set forth three assignments of error:

I.  The trial court erred in denying Defendant/Appellant's Motion to Withdraw His Guilty Plea pursuant to O.R.C. 2943.031 solely on the basis of timeliness.  The trial court conceded that no record exists in this matter that demonstrates that the defendant/appellant was properly advised pursuant to O.R.C. 2943.031.

II.  The trial court erred in denying the Defendant/Appellant's Motion to Withdraw His Guilty Plea pursuant to O.R.C. 2943.031 and not considering the holding set forth in the United States Supreme Court's decision in *Padilla v. Kentucky* which should be applied retroactively.

III.  The trial court erred in denying the Defendant/Appellant's Motion to Withdraw His Guilty Plea pursuant to O.R.C. 2943.031 and not considering the factors set forth in Crim.R. 32.1.

## I.  Statement of Facts

{¶ 3} This appeal was triggered by a trial court judgment in 2018, but stems from events in 1993.  On August 30, 1993, the Norwalk Police Department filed three criminal complaints against appellant Josefino Alvaro Leon, a.k.a. Josefino Leon Herrera, in Norwalk Municipal Court that were bound over to a Huron County Grand Jury.  The grand jury indicted appellant on three counts of trafficking in marijuana, each a violation of R.C. 2925.03(A)(1) and each a felony in the fourth degree.  Since September 1, 1993, the municipal court and then the common pleas court, at appellant's request, appointed counsel from the Huron County Public Defender's office and a Spanish interpreter due to his indigency and his assertion he "knows very little or no English."

2.

**{¶ 4}** At the November 1, 1993 arraignment, appellant entered not guilty pleas to all three counts. Discovery ensued, and on January 5, 1994, the trial court held a hearing on appellant's change of pleas from not guilty to guilty to two counts with the third count dismissed. After 24 years the record no longer contained a transcript of the plea hearing. However, the record contained the trial court's January 7, 1994 journalized entry of the plea hearing, in which the trial court identified appellant was present with his counsel, but did not specifically identify, for example, the exact dialogue of the proceedings nor the presence of the Spanish interpreter. The trial court's entry stated appellant was advised that each of the offenses to which he proposed to plead guilty were punishable by definite prison terms from a minimum of six months to a maximum of 18 months. The entry continued as follows:

> The defendant stated that he understood and then did enter a plea of guilty to Counts I and II, of the Indictment. The Court then personally addressed the defendant, and: (1) Determined that he is making the plea voluntarily, understanding the nature of the charge and the maximum penalty involved, and that he is eligible for probation; (2) Informed him of and determined that he understood the effect of his plea of **guilty**, and that the Court upon acceptance of the plea may proceed with judgment and sentence; (3) Informed him and determined that he understood that by his plea of **guilty**, he is waiving his rights to jury a [sic] trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable

3.

doubt at trial at which he cannot be compelled to testify against himself. The Court being satisfied from the total circumstances, found that the defendant had **KNOWINGLY**, **INTELLIGENTLY**, **VOLUNTARILY** and **UNDERSTANDINGLY** made and entered his plea of guilty to Counts I and II, of the Indictment. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that the defendant's guilty plea to the charge shall be and hereby is accepted; that the defendant shall be and hereby is adjudicated **GUILTY**, and that the defendant shall be and hereby is **CONVICTED** thereof accordingly, of Trafficking in Marijuana, a violation of Ohio Revised Code Section 2925.03(A)(1). (Emphasis sic.)

{¶ 5} Thereafter, on February 11, 1994, the trial court, in a subsequently journalized nunc pro tunc entry, sentenced appellant to two concurrent prison sentences for a total of one year. Appellant did not appeal his conviction and sentence. On March 31, 1994, the trial court granted appellant's request for "shock probation" under former R.C. 2947.061, released him from prison, and placed him on probation. Appellant was released from probation on February 13, 1996.

{¶ 6} The trial court record was then silent for over 22 years until appellant filed an August 13, 2018 motion. Appellant argued he was entitled to vacate his 1994 guilty pleas for two reasons: (1) the trial court took the guilty pleas in violation of R.C. 2943.031, and (2) the guilty pleas where not knowingly, voluntarily or intelligently made pursuant to Crim.R. 32.1 and *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176

4.

L.Ed.2d 284 (2010). For the first time in the trial court record, appellant alleged a number of facts in his motion and accompanying affidavit relevant to this appeal.

{¶ 7} He was born in Mexico in 1965 and is a citizen of Mexico. He never claimed to be a United States citizen. His wife and three children were United States citizens living in the United States. In 1990 he became a lawful permanent resident of the United States. In 1994 he "maintained his innocence in discussing the case with his criminal lawyers * * * [and] contended that he was not guilty of any crimes. Believing that he had no other option, he reluctantly pled guilty." He did not recall being told by the public defender or the judge there would be immigration consequences from his convictions. His attorney "stood silent when the Court gave the R.C. 2943.031 advisement, after he pled guilty." He believed his first offense would not "lead to immigration issues." He would not have pled guilty if he had known he could be deported as a result of his convictions. Instead he would have hired an immigration lawyer and a criminal lawyer and gone to trial. He was ordered deported from the United States on November 14, 1994 due to his felony convictions. He was "very surprised to be detained" and then removed from the United States on April 3, 2003. In June 2018 he was "charged with illegal re-entry." He consulted with immigration attorneys in 2003 and 2006/2007, but none told him he could seek to withdraw his guilty pleas. Finally in 2018 he received that legal advice.

{¶ 8} On September 10, 2018, the trial court denied appellant's motion without a hearing. In its journalized judgment entry, the trial court stated the following:

5.

The Court finds the Motion to be untimely and therefore denies the Motion. In this case, the transcript of the proceedings no longer exists as it was destroyed as part of the Court's regular schedule for disposing of records. The plea entry does not reflect the required advisement and the statute thus requires a presumption that it was not given in the absence of any record. However, here the Defendant was actually ordered deported on November 14, 1994 and thus has been aware of the immigration consequences of his plea since that time. For the Defendant to wait nearly twenty-four (24) years to raise the issue is clearly untimely and would clearly prejudice the State's ability to pursue the case. *State v. Reyes*, 2016-OHIO-2771 (12th Appellate Dist. 2015) (sic.).

**{¶ 9}** Appellant timely appealed the trial court's September 10, 2018 judgment entry. Appellant filed his brief on October 30, 2018, and proffered facts primarily explaining additional immigration-related events spanning from 1984 to 2018. We find any additional proffers of facts from appellant's brief that are not otherwise contained in the trial court record are not before this court on appeal. App.R. 9(A)(1).

## II. R.C. 2943.031 Remedy

**{¶ 10}** In support of his first assignment of error, appellant argued the trial court abused its discretion when it denied appellant's motion to withdraw his guilty pleas pursuant to R.C. 2943.031(D). Appellant argued because the trial court acknowledged appellant did not receive the mandatory advisement, it was required to set aside the conviction and allow him to withdraw the guilty pleas, citing *State v. Contreras*, 6th Dist.

6.

Huron No. H-10-024, 2011-Ohio-4736, ¶ 12-13. Appellant argued the trial court "erroneously found that Mr. Leon was deported on November 14, 1994 (inaccurate and not supported by anything in the record) and was aware of the immigration consequences of his plea since that time (inaccurate and contrary to Mr. Leon's Affidavit)." Appellant further argued the "trial court opted to focus solely on the 24-year delay between appellant's original guilty plea and the motion to withdraw it. * * * [Appellee] has not shown any prejudice in the delay. The failure to consider all the factors is contrary to the Supreme Court's ruling in [*State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355]."

{¶ 11} In response, appellee argued the trial court did not abuse its discretion. Appellee argued timeliness could be a significant factor to the trial court's exercise of discretion, and appellant was not prejudiced by the trial court's decision. Appellee argued, "Nothing about the absence of the advisement suggests that the Defendant would have behaved any differently from the way he has acted [continual illegal entry problems] for the past twenty-four (24) years." However, appellee would be prejudiced by appellant's 24-year delay to now prosecute appellant's crimes committed in 1993. Appellee conceded that a remand to the trial court to conduct a hearing on appellant's prejudice could be a remedy.

{¶ 12} We review the trial court's denial of a motion to withdraw plea pursuant to R.C. 2943.031 for an abuse of discretion. *Francis* at ¶ 32. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217,

7.

219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 13} The R.C. 2943.031(D) motion and an appeal from the denial of that motion "provide the exclusive remedies" for an alleged violation of R.C. 2943.031(A) by the trial court. *Francis* at ¶ 35, quoting *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719, 803 N.E.2d 813, ¶ 7.

### A. Crim.R. 11(C) Substantial Compliance

{¶ 14} Appellant's burden on his motion to vacate his guilty plea due to a non-constitutional feature of a plea, such as pursuant to R.C. 2943.031(A), was to show the trial court failed to substantially comply with Crim.R. 11(C). *Id.* at ¶ 45. Substantial compliance is not strict compliance. *Id.* at ¶ 46. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* at ¶ 48, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Issues regarding the defendant's subjective understanding of the rights he or she was relinquishing and the effects of entering pleas under Crim.R. 11(C) are resolved through resort to both that rule and R.C. 2943.031, regarding the immigration-related consequences." *Id.* at ¶ 30.

{¶ 15} A trial court's determination of substantial compliance is generally a question of fact that will not be reversed if it is supported by some competent, credible evidence. *Szuch v. FirstEnergy Nuclear Operating Co.*, 2016-Ohio-620, 60 N.E.3d 494, ¶ 11 (6th Dist.), citing *Olen Corp. v. Franklin Cty. Bd. of Elections*, 43 Ohio App.3d 189, 198, 541 N.E.2d 80 (10th Dist.1988) (the basic issue is whether the purpose of the statute

8.

has been served). "For our purposes, the R.C. 2943.031(A) notification is similar to the nonconstitutional notifications of Crim.R. 11(C)(2), such as the nature of the charges and the maximum penalty involved, and, therefore, implicates the same standard." *Francis* at ¶ 45. "R.C. 2943.031 requires informational warnings, consistent with the purpose of Crim.R. 11, be personally given to the defendant before entering a guilty plea. Specifically, the purpose is to ensure that a defendant enters a guilty plea knowingly, intelligently, and voluntarily." *State v. Encarnacion*, 12th Dist. Butler No. CA2003-09-225, 2004-Ohio-7043, ¶ 9, citing *State v. Caudill*, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976).

{¶ 16} We will first review under Crim.R. 11(C)(2) the totality of the circumstances of appellant's subjective understanding of the rights he was relinquishing and the effects of entering two guilty pleas. Crim.R. 11(C)(2) states:

> In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

9.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 17} From our review of the record, we find appellant failed to comply with App.R. 9(B)(5)(b) regarding the absence of a portion of the record critical to his appeal by identifying in a statement attached to his notice of appeal the assignments of error relying on such absence of the record and the subsequent submittal of a statement under App.R. 9(C) or 9(D). We further find appellant failed to comply with App.R. 9(C) or 9(D). Because appellant provided no transcript to this court regarding his plea hearing, coupled with the mandate from R.C. 2943.031(E), we are faced with the concern expressed by the Second District that similar appellants may be encouraged to not provide appellate courts with the portions of the record that contain the trial court's R.C. 2943.031(A) advisement. *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 24 (2d Dist.).

{¶ 18} Nevertheless, we find the record is not completely devoid of information regarding the events surrounding appellant's guilty pleas. The record contained the trial

10.

court's January 7, 1994 judgment entry with which we can evaluate substantial

compliance with Crim.R. 11(C)(2).  It is well-settled that a court generally speaks only

through its journal.  *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700,

¶ 8.  From our review of the entry, the trial court complied with each component of the

rule.  *State v. Bulgakov*, 6th Dist. Wood No. WD-03-096, 2005-Ohio-1675, ¶ 13.

{¶ 19} We find the trial court substantially complied with Crim.R. 11(C), and

appellant did not appeal the conviction and sentence resulting from the trial court's

acceptance of his guilty pleas to two felonies.  We find the record contained some

competent, credible evidence under the totality of the circumstances that appellant

subjectively understood the rights he was relinquishing and the effects of entering guilty

pleas under Crim.R. 11(C).

## B.  R.C. 2943.031 Substantial Compliance

{¶ 20} We will next review under R.C. 2943.031 the totality of the circumstances

of appellant's subjective understanding of the immigration-related consequences at the

time of entering his guilty pleas.

{¶ 21} In reasoning why the substantial compliance standard was the correct

approach, the Ohio Supreme Court was persuaded by the argument that allowing a

defendant, years after charges were brought and after evidence had been destroyed, to

withdraw a plea he entered into knowingly, intelligently, and voluntarily, asserted form

over substance.  *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 48.

Courts must balance a case long considered to be fully adjudicated where "memories may

be dim and proof difficult" with appellants "who have their freedom to gain and

11.

comparatively little to lose." (Citation omitted.) *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 95, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999).

{¶ 22} Appellant argued two pieces of evidence showed the trial court failed to substantially comply with R.C. 2943.031(A) at the plea hearing. First, appellant pointed to R.C. 2343.031(E) for the lack of a record that he received the required R.C. 2943.031(A) advisement. Second, appellant pointed to his affidavit submitted with his R.C. 2943.031(D) motion averring he did not recall receiving the required advisement.

{¶ 23} We look to the advisement required pursuant to R.C. 2943.031(A), which reads:

Except as provided in division (B) of this section, prior to accepting a plea of guilty * * * to an indictment * * * charging a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

12.

Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

{¶ 24} As previously discussed, the record no longer contained a transcript of appellant's plea hearing for this court to determine the exact colloquy between appellant and the trial court. It is generally well settled that where appellant did not include a transcript of a plea hearing, we must assume the regularity of the hearing. *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 20. However, there is a statutory presumption the foregoing advisement was not given pursuant to R.C. 2943.031(E), which reads, "In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement."

{¶ 25} To determine the effect of the statutory presumption, we must first determine if the R.C. 2943.031(A) advisement was required to be given to appellant by the trial court pursuant to R.C. 2943.031(E). The R.C. 2943.031(A) advisement is not required to be given to citizens of the United States, and a trial court is not to assume a defendant's citizenship. R.C. 2943.031(B); *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 20. Our review of the record indicated no facts were before the trial court at the time of accepting appellant's guilty pleas on January 5, 1994, that it assumed anything about appellant's citizenship, let alone knew for certain appellant was a non-citizen of the United States. *See State v. Thompson*, 2d Dist. Greene No. 90 CA 90, 1991 Ohio App. LEXIS 1146, *3-4 (Mar. 21, 1991)*; see also State v. Manns*, 2d Dist.

13.

Clark No. 2000 CA 58, 2001 Ohio App. LEXIS 5281, *3-4 (Nov. 30, 2001). Based on the record before us, we are not certain the R.C. 2943.031(A) advisement was required to be given to appellant by the trial court on January 5, 1994. If the trial court was not required to give the advisement to appellant, the presumption in R.C. 2943.031(E) was not triggered.

{¶ 26} Even if the R.C. 2943.031(E) presumption was triggered on January 5, 1994, the trial court may still have substantially complied with the statute. This statutory presumption shifted the burden to appellee to produce evidence appellant received the required advisement. *See State v. Hively*, 4th Dist. Gallia No. 13CA15, 2015-Ohio-2297, ¶ 21. Since this statutory presumption was not specifically designated to be conclusive, it was rebuttable by evidence. *State v. Myers*, 26 Ohio St.2d 190, 201, 271 N.E.2d 245 (1971). The degree of proof required of appellee to rebut the presumption need only counterbalance the evidence to sustain the presumption because appellant, as the movant, had the burden of proof on his motion. *Id.*, citing *Kennedy v. Walcutt*, 118 Ohio St. 442, 443, 161 N.E. 336 (1928), paragraph five of the syllabus.

{¶ 27} One item in the record to rebut the presumption was the trial court's January 7, 1994 judgment entry stating the trial court's satisfaction following a colloquy with appellant that appellant "understood the effect of his plea of guilty" among other issues and that appellant entered his guilty pleas to two felonies "knowingly, intelligently, voluntarily, and understandingly." It is undisputed the judgment entry did not contain any separate indication of the R.C. 2943.031(A) advisement of potential immigration

14.

consequences.  It is also undisputed the judgment entry did not indicate any awareness of or assumption by the trial court of appellant's citizenship status.

{¶ 28} Another item to rebut the presumption is appellant's R.C. 2943.031(D) motion in which he admitted to receiving the advisement, just not prior to him entering his guilty pleas.  Appellant stated:

> Here, the Court did not advise Mr. Alvaro Leon that his pleas of guilty could have the consequences of deportation or exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States prior to him entering his plea.  *It was done afterwards* in violation of the statute and after his statutory right to the advisement was already violated. (Emphasis added.)

Appellant confirmed he received the R.C. 2943.031(A) advisement from the trial court on January 5, 1994, because his counsel "stood silent when the Court gave the R.C. 2943.031 advisement, after he pled guilty."  Appellant's 24-year delay to vacate his guilty pleas with the knowledge of the R.C. 2943.031(A) advisement remained unexplained.  *Bulgakov*, 6th Dist. Wood No. WD-03-096, 2005-Ohio-1675, at ¶ 17 (substantial compliance found where deportation consequences discussed at sentencing). Appellant admitted to at least two "immigration consequences" in 1994 and 2003 subsequent to his plea hearing, making the R.C. 2943.031(A) advisement of immigration consequences appear to have minimal effect on his decisions over the years.  In addition, appellant admitted that he only pled guilty "due to the uninformed advice of his counsel," not because of trial court error with the timing of the advisement.

15.

**{¶ 29}** Another item in the record to rebut the presumption was appellant's affidavit filed with his R.C. 2943.031(D) motion. Nowhere in appellant's affidavit did he state he disclosed to the court his legal status in the United States prior to entering his guilty pleas. *See* R.C. 2943.031(C). The only information provided by appellant in his affidavit regarding his involvement at the January 5, 1994 hearing were the following averments:

> In 1994, I pled guilty to Trafficking Marijuana in Huron County Common Pleas Court. I had a public defender represent me. To the best of my recollection, I was not told that there would be immigration consequences from my conviction by the public defender or the judge. This was my first offense, so I did not think it would lead to immigration issues.

> If I had known I could be deported as a result of the conviction, I would not have pled guilty. I would have consulted with an immigration lawyer and hired a criminal attorney to fight the case. I had young children at the time and would have done anything to avoid being separated from them.

**{¶ 30}** The record contained the signed and notarized affidavit of indigency filed by appellant on January 18, 1994. This document appears to contradict appellant's statement he would not have pled guilty on January 5, 1994, and had the means to hire immigration and criminal attorneys "to fight the case."

16.

{¶ 31} Appellant's affidavit raised other contradictions with the record. On December 13, 1993, the record contained evidence of the trial court appointing a Spanish interpreter, Blanca Rodenhauser, also because of appellant's indigency and because appellant spoke "very little or no English." Appellant's affidavit stated, "The entire affidavit was read back to me in my [sic] Spanish, my native language." The affidavit did not include any recollection of the presence of or assistance by a court-appointed Spanish interpreter, which would have been a necessity for him at the plea hearing to form the impressions he asserted in 2018: (1) the absence of being told by his attorney and the judge of the immigration consequences of his guilty pleas, (2) his subjective belief that because it was his first offense, he "did not think it would lead to immigration issues," and (3) he would not have pled guilty if he knew he "could be deported as a result of the conviction." However, in his motion he admitted to receiving the R.C. 2943.031(A) advisement immediately after he pled guilty while his attorney stood next to him facing the judge. He also admitted he pled guilty "only" because of the "uninformed advice of his counsel," not because the lack of receiving the statutory advisement. Appellant's impressions averred in 2018 contradict the trial court's contemporaneous entry affirming from the totality of circumstances appellant knowingly, intelligently, voluntarily, and understandingly entered guilty pleas to two felonies. Appellant did not submit any other evidence to support his version of the events on January 5, 1994, and the record does not contain the 24-year old recollections, if any, from any others present at the plea hearing.

17.

{¶ 32} Even if we construed as true appellant's averments in his affidavit, they do not entitle him to the relief sought. *Calhoun*, 86 Ohio St.3d at 284, 714 N.E.2d 905 (reviewing affidavits in a post-conviction proceeding). The inconsistencies and contradictions with the evidence in the record are factors affecting the credibility of the affidavit, which was within the sound discretion of the trial court to determine. *Id.* at 284-285. The trial court was not required to hold an evidentiary hearing where the motion, the supporting affidavit, and the record did not demonstrate appellant set forth sufficient operative facts to establish substantive grounds for relief. *Id.* at paragraph two of the syllabus. Appellant's motion identified deportation-related events 24 and 15 years prior to filing his 2018 motion. The explanation for the lengthy delay before filing his motion was bad legal advice from different attorneys who never told him of the option to file the motion. Appellant's self-serving statements with no other evidentiary support of sufficient operative facts failed to invoke the remedy of R.C. 2943.031(D) plea withdrawal, especially in light of at least a 15-year delay after he was aware of immigration consequences. *State v. Nardiello*, 2017-Ohio-8933, 104 N.E.3d 858, ¶ 22-23 (3d Dist.) (six-year delay found untimely).

{¶ 33} We find the record contained some competent, credible evidence to rebut the presumption in favor of appellant with respect to R.C. 2943.031(A). We find the trial court substantially complied with R.C. 2943.031. We further find the record contained some competent, credible evidence under the totality of the circumstances that appellant subjectively understood the immigration-related consequences under R.C. 2943.031 at the time of entering his guilty pleas.

18.

### C. R.C. 2943.031(D) Abuse of Discretion

**{¶ 34}** We review for an abuse of discretion the trial court's decision on whether appellant established the factors to demonstrate his entitlement to withdraw his guilty pleas separately from reviewing the trial court's decision to deny appellant's motion, also for an abuse of discretion. *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 34. "[T]he issue of whether or not the trial court provided [appellant] with the R.C. 2943.031(A) advisement is not dispositive to the issue of whether or not he has demonstrated he is entitled to withdraw his * * * pleas." *State v. Alonzo*, 3d Dist. Seneca No. 13-15-26, 2016-Ohio-160, ¶ 18. The R.C. 2943.031(A) advisement is not a constitutional right, and the consequence of a trial court's failure to give it is pursuant to R.C. 2943.031(D). *Francis* at ¶ 29-30.

### i. R.C. 2943.031(D) Factors

**{¶ 35}** Under R.C. 2943.031(D), appellant had the burden to show the presence of all four statutory factors: (1) the trial court failed to provide appellant the R.C. 2943.031(A) advisement, (2) the advisement was required by R.C. 2943.031(A), (3) appellant was not a citizen of the United States, and (4) his convictions for the offenses to which he entered guilty pleas "may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." In addition, appellant had the burden to show the factors of timeliness and prejudice. *Id.* at ¶ 34. The trial court may consider additional factors. *Id.* at ¶ 40. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before

19.

the trial court under the terms of that statute, [and] the trial court must exercise its discretion in determining whether the statutory conditions are met * * *." *Id.* at ¶ 36.

{¶ 36} There is no specific requirement that the trial court was required to hold a hearing prior to reaching its determinations under R.C. 2943.031(D). *Id.* at ¶ 50. Nor was the trial court required to issue findings of fact and conclusions of law. *Id.* at ¶ 52. The decision on whether to hold a hearing and on whether to explain reasons for ruling are matters within the sound discretion of the trial court. *Id.* at ¶ 56.

{¶ 37} As to the first R.C. 2943.031(D) factor, we previously determined the trial court substantially complied with R.C. 2943.031(A). As to the second and third factors, we previously determined it is unclear the trial court was required to give appellant the R.C. 2943.031(A) advisement. As to the fourth factor, we will not disturb the trial court's determination to accept as true appellant's factual proffer in his motion that "On November 14, 1994, he was ordered deported from the United States as a direct result of the convictions herein."

{¶ 38} We find the trial court did not abuse its discretion because appellant failed to establish all of the R.C. 2943.031(D) factors. The trial court's attitude was not unreasonable, arbitrary or unconscionable when it reached its decision without a hearing. We find the record contained some competent, credible evidence under the totality of the circumstances that appellant failed to establish all R.C. 2943.031(D) factors.

### ii. Timeliness and Prejudice Factors

{¶ 39} "As one of many factors underlying the trial court's exercise of discretion in considering the motion to withdraw [pursuant to R.C. 2943.031(D)], timeliness of the

20.

motion will be of different importance in each case, depending on the specific facts."
*Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 42. Appellant must also demonstrate he was prejudiced by the failure to receive the R.C. 29430.31(A) advisement. *Id.* at ¶ 45.

{¶ 40} The trial court's entry identified appellant was ordered deported on November 14, 1994. Although appellant disputed this information was in the record, it is contained in his R.C. 2943.031(D) motion. To demonstrate the prejudice to him, appellant's affidavit stated had he known he'd be deported as a result of the two felony convictions, he would not have pled guilty and then hired attorneys to go to trial. Appellant also identified his subjective belief his first offense would not lead to "immigration issues." Appellant also recounted how immigration attorneys he consulted in 2003 and 2006/2007 failed to tell him of the option to file the motion. He did not learn of the option until June 2018. "If I had known this was an option I would have done it long ago."

{¶ 41} The trial court then determined the 24-year delay to be unreasonable based on the particular facts and the prejudice to appellee's ability to pursue the convictions after court records were destroyed. "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time." *Id.* at ¶ 40. Thus, subsumed within timeliness is more than just the numerical calculation of the years between entering the plea and the motion to withdraw

21.

the plea, it includes the prejudice to the state to reassemble the necessary evidence for a conviction after that time lapse. *State v. Lovano*, 8th Dist. Cuyahoga No. 100578, 2014-Ohio-3418, ¶ 13.

{¶ 42} We review R.C. 2943.031 in light of the guidance to avoid unreasonable consequences when construing statutes. "The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result." *State ex rel. Cooper v. Savord*, 153 Ohio St. 367, 92 N.E.2d 390 (1950), paragraph one of the syllabus; R.C. 1.47(C) ("In enacting a statute, it is presumed that * * * a just and reasonable result is intended."). A statute such as R.C. 2943.031 without any time limits plainly stated could be construed as indefinite, which is unlikely what the General Assembly intended. *See State ex rel. Clay v. Cuyahoga Cty. Med. Exam'rs Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 24, citing *Savord* at 371; *State v. Tabbaa*, 151 Ohio App.3d 353, 2003-Ohio-299, 784 N.E.2d 143, ¶ 35 (8th Dist.) ("a defendant could wait until the state's evidence against him became stale, or witnesses died, or any other circumstances prejudicial to the state transpired, before seeking to withdraw a guilty plea, thereby imposing, among others, an unreasonable obligation on the state to maintain evidence and witness lists on all cases, ad infinitum").

{¶ 43} Waiting 24 years to file his R.C. 2943.031(D) motion since entering his guilty pleas was, while not dispositive alone as a matter of law, untimely and unreasonable, as many courts of appeals have found with lesser delays. *Lovano* at ¶ 14

(19-year delay "exceptionally lengthy"); *State v. Lein*, 8th Dist. Cuyahoga No. 103954, 2016-Ohio-5330, ¶ 14 (20-year delay was untimely even where R.C. 2943.031(A) advisement was presumed not given); *State v. Walker*, 2017-Ohio-511, 78 N.E.3d 922, ¶ 25 (10th Dist.) ("a delay of 13 years was unreasonable under the circumstances"); *State v. Akhtar*, 5th Dist. Muskingum No. CT2016-0003, 2016-Ohio-7201, ¶ 14 (a delay under five years was unreasonable under the circumstances); *State v. Reyes*, 12th Dist. Butler Nos. CA2015-06-113, CA2015-06-114, CA2015-06-115, 2016-Ohio-2771, ¶ 28 (a two-year delay after learning of immigration consequences of 10-year old plea was unreasonable under the circumstances); *Alonzo*, 3d Dist. Seneca No. 13-15-26, 2016-Ohio-160, at ¶ 19 (a 13-year delay was untimely under the circumstances); *Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, at ¶ 24 (a four-year delay after deportation notice was unreasonable under the circumstances). On the other hand, this court previously determined a 15-year delay was timely under the particular facts of that case. *State v. Contreras*, 6th Dist. Huron No. H-10-024, 2011-Ohio-4736, ¶ 16.

**{¶ 44}** However, when coupled with appellant's assertions he was ordered deported on November 14, 1994, and was removed from the United States on April 3, 2003, because of his January 5, 1994 guilty pleas and convictions on two felonies, appellant was on notice that his guilty pleas had immigration consequences at least 15 years prior to filing his motion. *Lovano* at ¶ 15 ("commencement of deportation proceedings alone was enough to put [appellant] on notice that his * * * guilty plea had immigration consequences and that he must act with alacrity to protect his privilege to remain in the United States"). "It is certainly reasonable to require a criminal defendant

23.

who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 40. Timeliness can be determined from "when the immigration-related consequences of the plea and resulting conviction * * * became evident * * * after the plea was entered." *Id.* at ¶ 42.

{¶ 45} We find the trial court's attitude was not unreasonable, arbitrary or unconscionable when it determined appellant failed to establish timeliness and prejudice to him by his 24-year delay before seeking to withdraw his guilty pleas. We find the trial court did not abuse its discretion when it determined appellant failed to establish entitlement to withdraw his guilty pleas pursuant to R.C. 2943.031(D).

{¶ 46} Having determined the trial court did not abuse its discretion when it determined appellant failed to establish entitlement to relief under numerous factors with respect to R.C. 2943.031(D), we find no abuse of discretion when it denied appellant's R.C. 2943.031(D) motion. We find the record contains some competent, credible evidence under the totality of the circumstances to support the trial court's decision.

{¶ 47} Appellant's first assignment of error is not well-taken. We will next address appellant's third assignment of error.

### III. Crim.R. 32.1 Remedy

{¶ 48} In support of his third assignment of error, appellant argued the trial court abused its discretion when it failed to find a manifest injustice under Crim.R. 32.1 to grant his motion to vacate plea. Appellant argued there was a manifest injustice because 24 years ago he received ineffective assistance of counsel pursuant to *Strickland v.*

*Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Padilla*, which held erroneous deportation advice may violate the Sixth Amendment if prejudice is proven.

{¶ 49} In response, appellee argued the trial court did not abuse its discretion when it denied appellant's motion to vacate his plea after 24 years. Appellee argued appellant failed to meet the high burden of a manifest injustice pursuant to Crim.R. 32.1 because appellant's claim of ineffective assistance of counsel was not supported by the law or the facts. In the absence of appellant producing the plea hearing transcript, "[T]here is nothing compelling in the Appellant's affidavit to suggest his trial counsel fell below his duty."

{¶ 50} We review the trial court's denial of a motion to withdraw plea pursuant to Crim.R. 32.1 for an abuse of discretion. *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 32. "A defendant has no absolute right to withdraw his guilty plea." *State v. McNew*, 6th Dist. Lucas No. L-98-1120, 1998 Ohio App. LEXIS 3924, *5 (Aug. 28, 1998). Crim.R. 32.1 in its entirety states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 51} Crim.R. 32.1 is a separate remedy from R.C. 2943.031(D). R.C. 2943.031(F); *State v. Romero*, 5th Dist. Stark No. 2016CA00201, 2017-Ohio-2950, ¶ 10-11. "A manifest injustice has been defined as a 'clear or openly unjust act' and as 'an extraordinary and fundamental flaw in the plea proceedings.'" (Citations omitted.) *State*

25.

*v. Sheehy*, 6th Dist. Lucas No. L-12-1273, 2013-Ohio-1596, ¶ 17. Post-sentence withdrawal of a plea is permitted only in extraordinary circumstances. *Id.* This high burden is necessary because we "recognize * * * that if a plea of guilty could be retracted with ease after sentence had been imposed, 'the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *'" (Citation omitted.) *State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d 1016 (6th Dist.1984), quoting *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980).

{¶ 52} Appellant had the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Id.* at paragraph three of the syllabus. The trial court had the discretion to determine the credibility of an affidavit attached to the motion and whether to accept the factual statements as true. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus.

{¶ 53} Ineffective assistance of counsel can be the basis for a Crim.R. 32.1 claim of manifest injustice, where the standard set out in *Strickland* will apply. *State v. Andreias*, 6th Dist. Erie No. E-10-070, 2011-Ohio-5030, ¶ 14; *State v. Patterson*, 6th

26.

Dist. Erie No. E-08-052, 2009-Ohio-1817, ¶ 14. The *Strickland* test can be applied to guilty pleas. *Id.* Evidentiary hearings are not required by Crim.R. 32.1. *McNew*, 6th Dist. Lucas No. L-98-1120, 1998 Ohio App. LEXIS 3924, at *5. Evidentiary hearings are held only in cases where the facts, if taken as true, require the trial court to permit appellant to withdraw his plea. *Id.*, citing *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983); *State v. Legree*, 61 Ohio App.3d 568, 573, 573 N.E.2d 687 (6th Dist.1988).

{¶ 54} An ineffective assistance of counsel claim must overcome the strong presumption that a properly licensed Ohio lawyer is competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62, citing *Calhoun*, 86 Ohio St.3d at 289, 714 N.E.2d 905. The record did not show appellant questioned the licensure of his trial counsel, so her competence was presumed.

{¶ 55} To overcome this presumption of competence, appellant had the burden to show: (1) deficient performance by his trial counsel below an objective standard of reasonable representation, and (2) a reasonable probability of prejudice that but for his trial counsel's errors the outcome would have been different, i.e., he would have gone to trial on three felony counts and not have entered guilty pleas on January 5, 1994, to two felonies. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. In making a determination of ineffective assistance of counsel, a reviewing court considers the totality of the evidence before the judge or jury. *Id.* at 695. Appellant must submit evidentiary documents containing sufficient operative

27.

facts to demonstrate his entitlement to relief pursuant to ineffective assistance of counsel. *Gondor* at ¶ 62. Until he has done so, no evidentiary hearing is required. *State v. Pankey*, 68 Ohio St.2d 58, 58-59, 428 N.E.2d 413 (1981), citing *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus.

{¶ 56} Appellant argued the trial court failed to weigh the first prong of *Strickland* that counsel's performance was deficient and fell below an objective standard of reasonableness. Appellant argued trial counsel's performance fell below "the prevailing professional norms at the time" because, although he maintained he was not guilty, he felt he had no option other than to plead guilty, and his attorney failed to ensure he understood the potential immigration consequences of his pleas. Appellant argued his trial counsel's duty to provide competent representation to him required "much more specific advice than the generalized immigration warning set forth in R.C. 2943.031" pursuant to *State v. Yapp*, 2015-Ohio-1654, 32 N.E.3d 996, ¶ 14-17 (8th Dist.). We disagree and find the Eighth District in *Yapp* held that, depending on the circumstances, a trial court could find prejudice under *Padilla* even where the R.C. 2943.031(A) advisement was given.

{¶ 57} Appellant's affidavit accompanying his motion made only one reference to his trial attorney's deficient performance: "I had a public defender represent me. To the best of my recollection, I was not told that there would be immigration consequences from my conviction by the public defender * **. If I had known I could be deported as a result of the conviction, I would not have pled guilty." These self-serving allegations of trial counsel's deficient performance unsupported by evidence in the record do not entitle

appellant to the relief sought.  *See Kapper*, 5 Ohio St.3d at 38, 448 N.E.2d 823; *see also Jackson*, 64 Ohio St.2d at 112, 413 N.E.2d 819.  A faded memory from 24-years earlier did not meet his burden for the first prong of *Strickland*.  Even if we accepted appellant's unilateral recollections, the record shows appellant admitted to receiving the R.C. 2943.031(A) advisement from the judge on January 5, 1994, immediately after entering his plea.  Appellant had the opportunity at that time to express to his attorney his insistence that he wished "to fight the case" and withdraw his guilty pleas.  Instead, it appears that appellant "harbored some subjective misconception of the import of the charge" when he averred he did not think his first-time felony convictions "would lead to immigration issues."  *Smith*, 49 Ohio St.2d at 265, 361 N.E.2d 1324.  "[M]istaken belief on the part of defendant * * * was not sufficient to support a claim of manifest injustice."  *Legree*, 61 Ohio App.3d at 573, 573 N.E.2d 687.

{¶ 58} Appellant further argued the trial court failed to weigh the second prong of *Strickland* that he was prejudiced by his counsel's deficient performance.  Appellant argued he maintained his innocence, and the actions of his attorney led him to believe he had no option but to enter guilty pleas, which resulted in "certain deportation."  His deportation separated him from his family, who were all United States citizens.  Appellant's affidavit did not mention or insist on his innocence despite his guilty pleas.  Rather, he averred his subjective belief his first offense would not lead to "immigration issues."  He also averred he would have avoided deportation by insisting on going to trial "to fight the case" by hiring immigration and criminal attorneys.

29.

**{¶ 59}** "An event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue." *Stinson v. England*, 69 Ohio St.3d 451, 633 N.E.2d 532 (1994), paragraph one of the syllabus. Appellant's affidavit was the sole evidence submitted to support his motion to withdraw his 24-year old guilty pleas. Self-serving affidavits are generally insufficient to demonstrate manifest injustice. *State v. Passafiume*, 2018-Ohio-1083, 109 N.E.3d 642, ¶ 26 (8th Dist.). Further, a record reflecting compliance with CrimR. 11 has more probative value than appellant's self-serving affidavit intending to show manifest injustice because of the presumption that appellant knowingly, intentionally, and voluntarily entered his guilty pleas. *Id.*

**{¶ 60}** We reviewed appellant's affidavit in light of the entire record and find it failed to show a probability that due to the prejudice from his trial counsel's alleged errors, he would not have changed his three not guilty pleas to two guilty pleas after nearly two months of discovery. *Padilla*, 559 U.S. at 372, 130 S.Ct. 1473, 176 L.Ed.2d 284 (appellant has burden to show a decision to reject the plea bargain would have been rational under the circumstances). Further, we find his affidavit failed to show a probability due to the prejudice from his trial counsel's alleged errors that the hiring of immigration and criminal attorneys, despite his indigency, would have yielded different outcomes for his two felony convictions. He admitted the immigration attorneys he consulted in 2003 and 2006/2007 failed to give him satisfactory advice. His self-serving claim of his innocence as the sole basis to "fight the case" fails to produce the requisite probability. Moreover, we find his affidavit failed to show a probability due to the

30.

prejudice from his trial counsel's alleged errors he would have avoided "certain deportation."

{¶ 61} Appellant did not meet his burden under *Strickland*. Having previously found the trial court substantially complied with Crim.R. 11(C) and R.C. 2943.031, and having determined appellant failed to meet his burden for a claim of ineffective assistance of counsel, we find appellant's evidence failed to meet his burden to show a manifest injustice pursuant to Crim.R. 32.1.  Although appellee conceded a remand to the trial court to conduct a hearing on appellant's prejudice claims could be a remedy, we do not find it is necessary in this matter because of the contradictions between the Crim.R. 32.1 allegations and the record.  *State v. Johnson*, 6th Dist. Lucas No. L-16-1280, 2018-Ohio-1656, ¶ 12.

{¶ 62} We conclude that no manifest injustice is presented under these facts by the trial court's denial of appellant's motion to vacate his guilty pleas based upon claimed ineffective assistance of counsel.  We conclude that the trial court did not abuse its discretion in overruling the motion to withdraw appellant's guilty pleas based upon claimed ineffective assistance of counsel.

{¶ 63} Appellant's third assignment of error is not well-taken.

### IV.  Retroactive Application of *Padilla v. Kentucky*

{¶ 64} In support of his second assignment of error, appellant argued the trial court abused its discretion when it denied appellant's motion to withdraw his guilty pleas in violation of *Padilla*.  Appellant argued this court should apply *Padilla*, decided in 2010, retroactively to 1994 because "state courts may choose to broaden the scope of

31.

retroactive relief," and the Eighth District in *State v. Creary*, 8th Dist. Cuyahoga No. 82767, 2004-Ohio-858 applied the ineffective assistance of counsel framework to a Crim.R. 32.1 motion prior to *Padilla*.

{¶ 65} In response, appellee argued the trial court did not abuse its discretion because Ohio does not recognize applying *Padilla* retroactively.

{¶ 66} We find the record shows appellant was convicted of two felonies on January 5, 1994. He did not appeal those convictions and subsequent sentences, which became final long before *Padilla* was decided in 2010. Crim.R. 32(C); *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 38. As a consequence, many courts of appeals have repeatedly recognized *Padilla's* "new rule" cannot be applied retroactively under Ohio law. *State v. Bishop*, 2014-Ohio-173, 7 N.E.3d 605, ¶ 9-16 (1st Dist.), citing *Chaidez v. United States*, 568 U.S. 342, 344, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013); *State v. Husbands*, 1st Dist. Hamilton No. C-170165, 2018 Ohio App. LEXIS 1243, *2-3 (Mar. 28, 2018); *State v. Brooks*, 7th Dist. Jefferson No. 14 JE 3, 2015-Ohio-836, ¶ 17-18; *Passafiume*, 2018-Ohio-1083, 109 N.E.3d 642, at ¶ 21, 24*; State v. Bravo*, 2017-Ohio-272, 81 N.E.3d 919, ¶ 12 (9th Dist.); *State v. Spivakov*, 10th Dist. Franklin Nos. 13AP-32, 13AP-33, 2013-Ohio-3343, ¶ 15; *State v. Tovar*, 10th Dist. Franklin No. 11AP-1106, 2012-Ohio-6156, ¶ 12.

{¶ 67} Even if we could retroactively apply *Padilla* in Ohio, appellant would still not prevail because he could not prevail under both prongs of the *Strickland* tests. *See Tovar* at ¶ 13-14; *see also State v. Tran*, 10th Dist. Franklin No. 11AP-146, 2012-Ohio-

1072, ¶ 20; *see also Passafiume* at ¶ 18; *Bravo* at ¶ 12; *see also Spivakov* at ¶ 13-15; *see also Andreias*, 6th Dist. Erie No. E-10-070, 2011-Ohio-5030, at ¶ 21.

{¶ 68} We conclude that the trial court did not abuse its discretion in overruling the motion to withdraw appellant's guilty pleas based upon claimed retroactive application of *Padilla*.

{¶ 69} Appellant's second assignment of error is not well-taken.

### V. Conclusion

{¶ 70} On consideration whereof, we find that substantial justice has been done in this matter and the judgment of the trial court to be lawful. The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                       _____
                                                  JUDGE

Thomas J. Osowik, J.            

Christine E. Mayle, P.J.          _____
CONCUR.                                      JUDGE

                                         _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

33.