[Cite as *State v. Winfield*, 2014-Ohio-3968.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No. L-13-1251

        Appellee                                      Trial Court No. CR0201003253

v.

John F. Winfield                                      **DECISION AND JUDGMENT**

        Appellant                                     Decided:  September 12, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, John F. Winfield, appeals the judgment of the Lucas County

Common Pleas Court denying his "Motion to Waive Costs of Prosecution, Supervision,

Confinement, Court Appointed Counsel Fees, And Any Other Costs Imposed."  Because

we conclude that the trial court's denial of appellant's motion was proper, we affirm.

**{¶ 2}** Appellant sets forth the following assignment of error:

I. The trial court erred when it imposed costs of supervision, confinement, court appointed counsel fees and any other costs.

**{¶ 3}** In 2013, appellant, John Winfield, was convicted of aggravated murder, in violation of R.C. 2903.01(B), and the attendant firearm specification, in violation of R.C. 2941.145. The trial court sentenced appellant to a life term of imprisonment with the possibility of parole after 25 years, with an additional consecutive three-year term for the firearm specification. The trial court also found appellant had the ability to pay costs, and therefore imposed costs of supervision, confinement, assigned counsel and prosecution. Appellant then filed the motion at issue in this appeal. The trial court denied the motion.

**{¶ 4}** In support of his assignment of error, appellant contends that there was no evidence in the record that the trial court considered his ability to pay. Rather, he submits, the evidence in the record shows that he would not have the ability to pay the costs imposed. He claims the total cost of prosecuting his case is $100,802.91, plus interest and collection costs. Appellant asserts that he will be 57 years old if he is granted parole after serving 28 years and it is difficult to believe that he could find employment which would pay enough for him to live, much less pay back the costs.

**{¶ 5}** R.C. 2947.23(A)(1)(a) provides:

In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including

2.

any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

{¶ 6} Since costs are assessed at sentencing and are included in the sentencing entry, a defendant must move the trial court to waive payment of costs at the time of sentencing. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. "If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *Id.*

{¶ 7} Here, appellant's motion to waive costs is clearly barred by the doctrine of res judicata since appellant's motion to waive costs was made after sentencing and not at sentencing. *Threatt*. *See also State v. Dalton*, 6th Dist. Williams No. WM-10-011, 2011-Ohio-362, ¶ 10.

{¶ 8} Even if it were assumed that appellant's argument regarding the imposition of court costs was not barred by the doctrine of res judicata, the argument fails on the merits.

{¶ 9} This court has held in order for the trial court to impose costs, specifically with respect to the costs of confinement and court-appointed counsel, there must be a finding that the defendant has the ability to pay, and that finding must be supported by clear and convincing evidence in the record. *State v. Jobe*, 6th Dist. Lucas No. L-07-1413, 2009-Ohio-4066, ¶ 80; *State v. Knight*, 6th Dist. Sandusky No. S-05-007, 2006-Ohio-4807, ¶ 6-7. "Clear and convincing evidence is that measure or degree of proof

3.

which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 10} Here, the trial court expressly found appellant had the ability to pay costs. We find from the record that there was sufficient evidence before the trial court to clearly and convincingly support its findings. At the arraignment hearing, the trial court inquired into appellant's circumstances, including his age, educational background, employment and savings. Appellant represented to the trial court that he was 29 years old, had gone as far as the 11th grade in school, was self-employed doing home remodeling and had about $2,000 to $3,000 saved. Then, during the plea hearing, at the trial court's inquiry, appellant stated that he was 32 years old, had gone as far as the 11th grade in school and could read, write and understand the English language. These facts, appellant's age, that he almost completed high school, is literate and has worked and saved money, are all indicators of appellant's ability to pay. Based on this clear and convincing evidence, and considering prior decisions by this court on the issue, the trial court did not err in its assessment of appellant's ability to pay costs.

4.

**{¶ 11}** Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                           _____
                                                  JUDGE

Arlene Singer, J.                                   _____

Stephen A. Yarbrough, P.J.                            JUDGE
CONCUR.

                                             _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.