[Cite as *State v. Graves*, 2015-Ohio-3696.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-14-1171

    Appellee                                    Trial Court No. CR0201302890

v.

Demetrias Graves                            **<u>DECISION AND JUDGMENT</u>**

    Appellant                                   Decided:  September 11, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 17, 2014 sentencing judgment of the Lucas County Court of Common Pleas, following appellant's plea pursuant to a plea agreement to one count of murder, in violation of R.C. 2903.02(B), an unclassified felony.  The scope of this appeal is limited to the propriety of the imposition of costs and fines in the course of sentencing appellant.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Demetrias Graves, sets forth the following two assignments of error:

I.  The trial court committed plain error to the prejudice of appellant at sentencing by imposing court costs and financial sanctions without proper notification in consideration of Appellant's ability to pay.

II.  Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §10 of the Constitution of the State of Ohio.

{¶ 3} The following undisputed facts are relevant to this appeal.

{¶ 4} On October 23, 2013, appellant and his girlfriend, Mariah Wells, traveled to the home of appellant's mother located in central Toledo.  The pair traveled to Toledo from their home in Newark, Ohio, after being contacted by appellant's mother in connection to the disappearance of appellant's younger brother.  Appellant was 27 years of age, had been educated at Woodward High School through the 10th grade, and had recently been employed at a car lot.

{¶ 5} Upon their arrival, appellant's mother, aunt, and three additional women were present at the house.  Subsequently, a heated argument between appellant, his mother, his aunt, and the three women transpired related to the disappearance of appellant's brother. Appellant's mother, girlfriend, and the three young women left the home and went outside towards the street.  Shortly thereafter, appellant came outside and

2.

began to fire a 9 mm weapon in the direction of the women. One of the women sustained a wound in the vicinity of her right eye. Appellant's girlfriend was struck in the upper left back and was killed.

{¶ 6} On November 4, 2013, appellant was indicted on one count of murder with a firearm specification, in violation of R.C. 2903.02(B), an unclassified felony, three counts of felonious assault with a firearm specification, in violation of R.C. 2903.11(A)(2), felonies of the second degree, and one count of improperly discharging a firearm, in violation of R.C. 2923.161(A)(1), a felony of the second degree.

{¶ 7} On November 12, 2013, appellant was arraigned and counsel was appointed. On January 10, 2014, the trial court granted appellant's motion for funds to be appropriated for an investigator to be retained in the matter. On March 4, 2014, appellant's motion was granted to receive additional investigator funds. In the interim, several pretrial hearings were scheduled and conducted.

{¶ 8} On May 29, 2014, pursuant to a negotiated plea agreement, appellant pled no contest to one count of murder, in violation of R.C. 2903.02(B), an unclassified felony. In exchange, the remaining four pending felony charges were dismissed. A presentence investigation report was ordered.

{¶ 9} On June 17, 2014, appellant was sentenced to a term of incarceration of 15 years to life. Of relevance to this appeal, during the course of sentencing, costs and fines were imposed against appellant. Notably, no objection was made in response to the imposition of costs and fines. This appeal ensued.

3.

**{¶ 10}** In the first assignment of error, appellant maintains that the trial court imposition of costs and fines constituted plain error. In support, appellant maintains that the trial court improperly failed to consider appellant's ability to pay. We do not concur.

**{¶ 11}** R.C. 2947.23(A)(1)(a), establishes, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the revised code, and render a judgment against the defendant for such costs."

**{¶ 12}** It is well-established, given the above-referenced statutory framework for the imposition of costs at a criminal sentencing, that defendants are required to submit any motions to the trial court seeking consideration of waiver regarding fines and costs at the time of sentencing. If this is not done, the issue is thereby waived and is rendered res judicata. *State v. Winfield*, 6th Dist. Lucas No. L-13-1251, 2014-Ohio-3968, ¶ 6.

**{¶ 13}** The record in the instant case clearly reflects that appellant did not object to the issue of financial sanctions at sentencing. Accordingly, appellant's first assignment of error fails pursuant to res judicata.

**{¶ 14}** However, even assuming arguendo that res judicata does not bar the first assignment of error, it nevertheless fails on the merits. We have carefully reviewed and considered the record of evidence, paying particular attention to any facts relevant to the underlying issue of appellant's ability to pay.

**{¶ 15}** We find that the record of evidence before the trial court clearly encompassed sufficient evidence to enable the trial court to clearly and convincingly

4.

support the determination that appellant possessed the ability to pay. Notably, the record reflects that appellant was 27 years of age, had attended Woodward High School through the 10th grade, and had previously possessed employment with several different area employers. Nothing in the record evidences inability to work on any basis.

{¶ 16} Accordingly, given appellant's age, educational level, literacy, and employment history, we find that the record possessed sufficient evidence in support of the disputed trial court finding. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 17} In appellant's second assignment of error, appellant concludes, "[A]ppointed counsel was ineffective by failing to raise an objection to the trial court's imposition of financial sanctions, costs and fees."

{¶ 18} It is well-established that claims of ineffective assistance of counsel are reviewed pursuant to the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on an ineffective assistance of counsel claim, it must be demonstrated that counsel's performance was so deficient as to not be reasonable and that but for the deficient performance, the outcome of the case would have been different. *State v. Chaney*, 6th Dist. Lucas No. L-14-1161, 2015-Ohio-3293, ¶ 17.

{¶ 19} Appellant's claim of ineffective assistance of counsel in the second assignment of error is wholly prefaced upon the notion that the failure to object to the financial sanctions at sentencing constituted plain error. Given our determination in

5.

response to the first assignment of error that such claims are barred by res judicata and further fail on the merits as the record encompasses sufficient evidence demonstrating appellant's ability to pay, we likewise find appellant's second assignment of error to be not well- taken. It cannot be demonstrated that the outcome of this matter would have been different but for counsel's failure to raise an objection on an issue where sufficient evidence existed in support of the trial court action.

{¶ 20} Wherefore, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                      JUDGE
Thomas J. Osowik, J.

                                          _____
Stephen A. Yarbrough, P.J.                         JUDGE
CONCUR.

                                          _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.