[Cite as *State v. Winfield*, 2021-Ohio-336.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-20-1095

    Appellee                                          Trial Court No. CR0201003253

v.

John F. Winfield                                      **DECISION AND JUDGMENT**

    Appellant                                         Decided:  February 5, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

John F. Winfield, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, John Winfield, appeals the May 5, 2020 judgment of the Lucas

County Court of Common Pleas denying his postconviction motion to withdraw his

October 8, 2013 guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct.

160, 27 L.Ed. 2d 162 (1970).

**{¶ 2}** Appellant presents a single assignment of error:

The Trial Court abused its discretion, by failing to permit appellant to withdraw his Alford plea, by Court's failure to order the State to honor the plea agreement, resulting in a violation of appellant's right of due process, equal law and fundamental fairness as guaranteed, by the 5th and 14th amendment, under states constitution, Section 16, Article I, Ohio Constitution.

## Background

**{¶ 3}** The following factual and procedural background is from our previous decision on Winfield's prior motion to withdraw guilty plea in *State v. Winfield*, 6th Dist. Lucas No. L-19-1118, 2020-Ohio-1418, ¶ 3-12.

**{¶ 4}** On December 21, 2010, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(A) and (F), one count of aggravated murder in violation of R.C. 2903.01(B) and (F), and one count of aggravated robbery in violation of R.C. 2911.01(A)(1). All counts carried firearm specifications attached to them pursuant to R.C. 2941.145 and the aggravated murder counts had capital specifications pursuant to R.C. 2929.04(A)(7) attached to them.

**{¶ 5}** On October 8, 2013, appellant entered a plea according to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the charge of aggravated murder in violation of R.C. 2903.01(B) with the attached firearm specification. As part of the plea agreement, all other charges and specifications were nolled by appellee and

2.

the parties agreed to a sentence of life imprisonment, with parole eligibility after 28 years.

{¶ 6} At the plea hearing, appellant was informed by the trial court of the consequences of his plea in compliance with Crim.R. 11. The trial court reviewed the plea agreement with appellant, which in this case involved the standard plea form as well as two additional typed pages. The additional typed pages were signed and acknowledged on each page by appellant. These pages state that appellant will change his plea as to the second count and in return he would receive a specified sentence and appellee would nolle the other counts and specifications.

{¶ 7} During the plea hearing, appellant was informed by the trial court of the constitutional rights he was waiving by agreeing to enter a plea such as the right to a trial by a jury of his peers. He was also informed of the maximum possible sentence for the charges he was going to be sentenced for. Appellant's counsel argued and ensured that appellant received the jail-time credit he earned after he was extradited and before he entered his plea. Appellant entered his plea, did not ask any questions, and indicated he was satisfied with the representation he received from counsel. At sentencing, appellant waived his right to a presentence investigation report and was granted 857 days of jail-time credit. Appellant sought additional jail-time credit for the time that he spent contesting extradition from Michigan. That request was denied by the trial court.

{¶ 8} Appellant's conviction and sentence was affirmed by this court in *State v. Winfield*, 6th Dist. Lucas No. L-13-1251, 2014-Ohio-3968.

3.

**Argument**

{¶ 9} Winfield now argues that his plea was not knowing in that he was not informed at the time of his "Alford guilty plea specifically, the punitive terms, post release conditions, duties, sanctions, or classification, could be changed, or amended at a later date."

{¶ 10} Appellant takes aim at Senate Bill 231, known as "Sierah's Law" that created a statewide violent offender database ("VOD"). *See* R.C. 2903.41-2903.44. Winfield asserts that the presumptive ten-year duty of enrollment for offenders convicted of violent offenses upon their release from confinement is punitive in nature and unconstitutional. The registration requirement applies to offenders who are sentenced for aggravated murder on or after March 20, 2019, regardless of when their crime was committed. As a result of the claimed punitive nature of the registration, appellant argues that it is unconstitutional under both the federal and state constitutions and the mandatory registration requirement renders his 2013 guilty plea void. He contends that Crim.R. 32.1 exists to correct the manifest injustice that has occurred in his case as a sole result of this legislative action.

{¶ 11} We find that his arguments in support of his position fail for the following reasons.

{¶ 12} First, we have previously held that a trial court has no jurisdiction to determine a motion to withdraw a guilty plea once the original judgment is appealed. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments

4.

without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. *State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260, ¶ 10, quoting *State v. Ketterer*, 126 Ohio St.3d 2010-Ohio-3831, 935 N.E.2d 9, ¶ 61. We have affirmed the trial court's judgment in his direct appeal in *State v. Winfield*, 6th Dist. Lucas No. L-13-1251, 2014-Ohio-3968. Therefore, despite its denial, the trial court had no jurisdiction to determine Winfield's motion to withdraw.

{¶ 13} Second, even if the VOD statute was unconstitutional and constituted an ex post facto law or retroactive punishment, the remedy that Winfield requests –vacating his plea—is unavailable. Rather, the appropriate remedy for an unconstitutional post-sentence registration order in such cases is to simply reinstate the original order and sentence. *See*, e.g., *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 66 (holding that new sex-offender registration requirements may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated). Accordingly, even if Winfield were entitled to some relief based on his arguments, that relief would not include vacating his guilty plea and the trial court did not err by denying his motion to vacate his guilty plea.

{¶ 14} Finally, we note that the VOD enrollment statutes on which Winfield's motion to vacate was based are currently under review by the Supreme Court of

5.

Ohio. *See State v. Hubbard*, 159 Ohio St.3d 1427, 2020-Ohio-3473, 148 N.E.3d 568 (Table); *State v. Jarvis*, 159 Ohio St.3d 1427, 2020-Ohio-3473, 148 N.E.3d 568 (Table). Specifically, the Supreme Court of Ohio is reviewing whether applying the VOD enrollment requirements to offenders like Winfield, who committed their violent offense(s) prior to the statute's effective date of March 20, 2019, violates the Retroactivity Clause of the Ohio Constitution. *Id.* That said, since we have found no abuse of discretion in the trial court's denial of his motion to vacate his guilty plea, we need not address the retroactivity issue that the VOD enrollment statutes did not apply retroactively to Winfield. *See State v. Weber*, 2d Dist. Montgomery No. 28721, 2020-Ohio-4851, ¶ 17.

{¶ 15} Therefore, we find appellant's sole assignment of error not well-taken and denied.

### Conclusion

{¶ 16} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Thomas J. Osowik, J.                                           _____

                                                                    JUDGE

Christine E. Mayle, J.

                                           _____

Gene A. Zmuda, P.J.                                        JUDGE
CONCUR.

                                           _____

                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.